E-SERVED
07/23/04
12:38 PM ET
Baycol MDL 1431

# EXHIBIT A

E-SERVED 07/23/04 12:38 PM ET Baycol MDL 1431

FILED
01 OCT -5 PM 2:13
CLERK U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| DOLORES CANTER, | : | |
| Plaintiff, | : | |
| v. | : | No. 8:01CV1543-T-30TGW |
| BAYER CORPORATION, | : | |
| Defendant. | : | |

**DEFENDANT BAYER CORPORATION'S ANSWER TO COMPLAINT**

First Defense

Bayer Corporation ("Bayer") answers the Complaint in the captioned action as follows:

1. Bayer denies the allegations in Paragraph 1 of the Complaint as stated. Bayer admits that Plaintiff purports to bring this action pursuant to rule 23 of the Federal Rules of Civil Procedure on her own behalf and as representative of a purported nationwide class of persons who are now taking or have taken Baycol®, a prescription medication also known as cerivastatin sodium, since February 1998, but Bayer denies that Plaintiff can or should be permitted to represent such a purported a class and that any class-wide relief would be appropriate in this action. Bayer admits that the United States Food and Drug Administration (the "FDA") reported on August 8, 2001, that Bayer was voluntarily discontinuing the marketing and distribution of Baycol® in the United States, but Bayer denies that the purported description of that report in Paragraph 1 is accurate. Bayer admits that Plaintiff seeks in the Complaint to have the Court grant certain relief relating to so-called "medical monitoring" to be funded by Bayer, but Bayer denies that any such relief is legally or factually warranted or that it is appropriate that Bayer

E-SERVED 07/23/04 12:38 PM ET Baycol MDL 1431

should be required to fund any such relief. Bayer denies that injuries and damages, if any, were caused by the use of Baycol®. Bayer is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1.

2. Bayer is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 2, 18, 20, 21, 22, 23, 24, 25 and 26 of the Complaint.

3. Bayer denies the allegations in Paragraph 3 of the Complaint as stated. Bayer admits that it is wholly owned by Bayer AG, that Bayer sold and distributed Baycol® in the United States prior to Bayer's having voluntarily discontinued the marketing and sale of Baycol® in the United States, and that Bayer's principal place of business is located in Pittsburgh, Pennsylvania. Bayer denies that it has designed and/or manufactured Baycol®.

4. Paragraph 4 of the Complaint sets forth conclusions of law to which no response is required. To the extent that a response is required, Bayer is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4.

5. Bayer denies the allegations in Paragraph 5 of the Complaint as stated. Bayer admits that it conducts business in the Middle District of Florida and that venue of this action is proper in this District. Bayer is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5.

6. Bayer denies the allegations in Paragraph 6 of the Complaint as stated. Bayer admits that, in June 1997, the FDA approved the marketing of Baycol® in the United States, and that Baycol® is one of several drug products generally included within the class of drug products known as statins, which block the activity of an enzyme that is involved in the production of cholesterol in the liver. Bayer admits that Baycol® was intended to be used to lower elevated plasma levels of total and low-density lipoprotein cholesterol and triglycerides, and to increase

E-SERVED 07/23/04 12:38 PM ET Baycol MDL 1431

plasma levels of high-density lipoprotein cholesterol, in patients, according to prescribing information and under the care of a physician or other health care provider. Bayer is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6.

7. Bayer denies the allegations in Paragraph 7 of Complaint as stated. Bayer admits that the use of statin drugs generally has been associated with the potential to cause breakdown of muscle cells and rhabdomyolysis, a syndrome that may include muscle symptoms and kidney failure. The allegation that rhabdomyolysis is typically rare and almost never fatal is too vague and indefinite to allow Bayer to admit or deny. Bayer admits that gemfibrozil, a prescription medication that is intended to be used to lower the plasma levels of triglycerides, is marketed under the trade name Lopid, and that reports have associated the concurrent use of Baycol® and Lopid with a risk of experiencing rhabdomyolysis. Bayer is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7.

8. Bayer denies the allegations in Paragraph 8 of the Complaint as stated. Bayer admits that the FDA has expressed concerns, and that Bayer has warned about, and beginning in December 1999 contraindicated against, the use of Baycol® concurrently with gemfibrozil. Bayer is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8.

9. Bayer denies the allegations in Paragraph 9 of the Complaint as stated. Bayer admits that in May 2001 Bayer revised its package insert, and issued a letter to health care professionals, to highlight its prior recommendation that the 0.4 mg dose of Baycol® should be used as the starting dose. To the extent that the allegations in Paragraph 9 purport to refer to any letters or other documents, which are not identified in the Complaint, Bayer states that such

E-SERVED
07/23/04
12:38 PM ET
Baycol MDL 1431

documents, being in writing, will speak for themselves. Bayer denies the remaining allegations in Paragraph 9.

10. Bayer denies the allegations in Paragraph 10 of the Complaint as stated. Bayer admits that, in or about January 1998, Bayer began marketing Baycol® in the United States after the FDA had approved the marketing of Baycol® in the United States. Bayer admits that its sales revenues from the sale of Baycol® in the United States since January 1998 exceeded $615 million. Bayer is without knowledge or information sufficient to form a belief as to the truth of the allegations of the third sentence of paragraph 10. Bayer denies the remaining allegations in Paragraph 10.

11. Bayer denies the allegations in Paragraph 11 of the Complaint as stated. Bayer admits that on August 8, 2001, Bayer voluntarily discontinued the marketing and distribution of Baycol® in the United States. Bayer admits that the FDA has published information indicating that it has received reports of 31 deaths due to rhabdomyolysis associated with the use of Baycol®. Bayer denies the remaining allegations in Paragraph 11.

12. Bayer denies the allegations in Paragraph 12 of the Complaint as stated. Bayer admits that the FDA has published information indicating that 19 of 31 deaths due to rhabdomolysis associated with the use of Baycol® involved the use of Baycol® without gemfibrozil. Bayer is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12.

13. Bayer denies the allegations in Paragraphs 13, 34, 35, 36, 37, 38 (including subparagraphs a through p), 39, 40, 41, 42, 43, 44, 46, 49, 50, 52 (including subparagraphs a through f), 53, 54, 55, 56, 57, 58, 62, 63, 64, 65, 68, 69, 71, 72, 74, 75, 76, 78, 79, 80, 81, 82, 84, 85, 86, 87, 88, 89 (including subparagraphs a through f), 90, 91 and 93 of the Complaint, except

E-SERVED 07/23/04 12:38 PM ET Baycol MDL 1431

that Bayer is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 about Plaintiff's counsel.

14. Bayer denies the allegations in Paragraph 14 of the Complaint as stated. Because Plaintiff has failed to identify the document quoted in the second sentence of paragraph 14, Bayer is without knowledge or information sufficient to form a belief as to the truth of the allegations of that sentence. Bayer denies the remaining allegations in Paragraph 14.

15. Bayer denies the allegations in Paragraph 15 of the Complaint as stated. Bayer admits that, in December 1999, Bayer revised the Baycol® package insert to contraindicate the concurrent use of Baycol® with gemfibrozil, and that Bayer informed health care professionals of those revisions in a letter to health care professionals. Those documents, being in writing, will speak for themselves. Bayer denies the remaining allegations in Paragraph 15.

16. Bayer denies the allegations in Paragraph 16 of the Complaint as stated. Bayer admits that in May 2001 Bayer revised its package insert, and issued a letter to health care professionals, to highlight its prior recommendation that the 0.4 mg dose of Baycol® should be used as the starting dose. The May 2001 letter to health care professionals also reiterated the instruction not to use Baycol® and gemfibrozil together. Those documents, being in writing, will speak for themselves. Bayer denies the remaining allegations in Paragraph 16.

17. Bayer denies the allegations in Paragraph 17 of the Complaint as stated. Bayer admits that it voluntarily discontinued the marketing and distribution of Baycol® on August 8, 2001. Bayer admits that the FDA has published information indicating that 19 of 31 deaths due to rhabdomolysis associated with the use of Baycol® involved the use of Baycol® without gemfibrozil. Bayer is without knowledge or information sufficient to form a belief as to the truth

E-SERVED 07/23/04 12:38 PM ET Baycol MDL 1431

of the allegations in the second sentence of Paragraph 17 regarding Plaintiff's belief. Bayer denies the remaining allegations in Paragraph 17.

18. Bayer is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint, except that Bayer admits that Zocor is included in the class of drug products generally known as statins.

19. Bayer denies the allegations in Paragraph 27 of the Complaint as stated. Bayer admits that rhabdomyolysis sometimes has been associated with reports of symptoms including muscle pain, muscle tenderness, muscle weakness, malaise, fever, dark urine and nausea. Bayer denies the remaining allegations of paragraph 27.

20. Bayer denies the allegations in Paragraphs 28, 29, 30, 31, 32, 33 and 45 (including subparagraphs a through e) of the Complaint, except that Bayer admits that Plaintiff seeks in this action to represent certain other persons in a purported class action pursuant to rule 23 of the Federal Rules of Civil Procedure. Bayer denies that Plaintiff can or should be permitted to represent such a purported class and that any class-wide relief would be appropriate in this action.

21. In response to Paragraphs 47, 59, 66, 77, 83 and 92 of the Complaint, Bayer incorporates herein by this reference its answers to Paragraphs 1 through 46 of the Complaint, as if Bayer's answers to those paragraphs were fully set forth herein.

22. Bayer denies the allegations in Paragraph 48 of the Complaint as stated. Bayer admits that, prior to August 8, 2001, Bayer sold Baycol® in the United States. Bayer denies that it is the manufacturer of Baycol® and that it sold or supplied Baycol® directly to consumers.

23. Bayer denies the allegations in Paragraphs 51 and 70 of the Complaint as stated. Bayer states that paragraph 51 and the first sentence of Paragraph 70 state conclusions of law to

E-SERVED 07/23/04 12:38 PM ET Baycol MDL 1431

which no response is required. To the extent that a response to those allegations is required, Bayer denies that it violated any duty relating to Baycol®, or the manufacture, sale and distribution of Baycol®, as alleged in the Complaint. Bayer is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraphs 51 and 70, including the allegations that Bayer had any duties to Plaintiff, the putative class and/or unidentified physicians.

24. Bayer denies the allegations in Paragraphs 60 and 61 of the Complaint as stated. Bayer admits that, prior to August 8, 2001, Bayer sold Baycol® in the United States. Bayer denies the remaining allegations in Paragraphs 60 and 61.

25. Bayer denies the allegations in Paragraph 67 of the Complaint.

26. Bayer denies the allegations in Paragraph 73 of the Complaint as stated. Bayer denies that any class should be certified in this action. Bayer is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 73.

27. Bayer denies all allegations in the Complaint unless those allegations are expressly admitted in this Answer.

Second Defense

28. Plaintiff's Complaint, and each and every count contained therein, fails to state a cause of action or claim upon which relief can be granted against Bayer.

Third Defense

29. Some or all of Plaintiff's claims are barred by the applicable statute of limitations and/or statute of repose.

E-SERVED
07/23/04
12:38 PM ET
Baycol MDL 1431

Fourth Defense

30. Plaintiff's claims against Bayer are barred in whole or in part by laches, waiver and/or estoppel.

Fifth Defense

31. Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate alleged damages.

Sixth Defense

32. If Plaintiff sustained the injuries or incurred the expenses as alleged, which is expressly denied, Bayer states that any and all alleged damages or expenses were directly and proximately caused by the negligence or fault of parties other than Bayer, whether named or unnamed in Plaintiff's Complaint, over whom Bayer had no supervision or control and for whose actions and omissions Bayer has no legal responsibility. Plaintiff's recovery, if any, therefore should be apportioned in accordance with the applicable law.

Seventh Defense

33. The injuries and damages claimed by Plaintiff, if any, resulted from an intervening or superseding cause and/or causes, and any act or omission on the part of Bayer was not the proximate and/or competent producing cause of such alleged injuries.

Eighth Defense

34. If Plaintiff suffered injuries as alleged in the Complaint, which is expressly denied, such injuries arose from, and were caused by, risks, hazards and dangers knowingly assumed by Plaintiff. Plaintiff's recovery accordingly is barred or should be reduced by Plaintiff's assumption of the risk.

E-SERVED 07/23/04 12:38 PM ET Baycol MDL 1431

Ninth Defense

35. Baycol® is a prescription pharmaceutical, which was available only upon the prescription of a licensed physician, and persons other than Bayer, including Plaintiff's treating physicians and health care personnel and institutions, stood in the position of learned intermediary between Bayer and Plaintiff. The claims in the Complaint against Bayer accordingly are barred in whole or in part by the learned intermediary doctrine.

Tenth Defense

36. Plaintiff's recovery is barred and/or should be reduced under the applicable law because of Plaintiff's contributory negligence and/or contributory fault.

Eleventh Defense

37. Plaintiff's Complaint fails to state a claim upon which relief can be granted against Bayer in that the methods, standards and techniques utilized with respect to the manufacture, design, and marketing of the prescription drug Baycol®, including adequate warnings and instructions with respect to the product's use included in the product's package insert and other literature, conformed to the applicable state of the art, and the product was designed, manufactured and marketed in a reasonable and prudent manner based upon available medical and scientific knowledge.

Twelfth Defense

38. Plaintiff's claims are barred as a matter of law pursuant to Restatement (Second) of Torts § 402A, comment k.

Thirteenth Defense

39. Bayer states that its prescription drug Baycol® complied with the applicable product safety regulations promulgated by the United States Food and Drug Administration.

E-SERVED 07/23/04 12:38 PM ET Baycol MDL 1431

Compliance with such regulations demonstrates that Bayer exercised due care in the design, manufacture and marketing of this prescription drug, and that it was neither defective nor unreasonably dangerous. Such actions also create a statutory presumption that the product is not defective or unreasonably dangerous and that Bayer is not liable.

Fourteenth Defense

40. Plaintiff's claims are preempted, in whole or in part, by federal law pursuant to the Supremacy Clause of the United States Constitution because of the federal regulation of prescription drug manufacturing, testing, marketing and labeling.

Fifteenth Defense

41. If Plaintiff sustained the injuries or incurred the expenses as alleged, which is expressly denied, said injuries or expenses were caused by the unforeseeable alteration, improper handling, or other unforeseeable misuse of the prescription drug Baycol®.

Sixteenth Defense

42. Any claims of Plaintiff relating to alleged communications between Bayer and regulatory agencies of the United States government are barred in whole or in part by operation of applicable law, including the First Amendment rights of Bayer to petition the government.

Seventeenth Defense

43. The alleged damages or injuries were the result of unavoidable circumstances that could not have been prevented by any person, including Bayer.

Eighteenth Defense

44. Plaintiff has failed to join indispensable parties necessary for the just adjudication of this matter.

E-SERVED
07/23/04
12:38 PM ET
Baycol MDL 1431

Nineteenth Defense

45. Plaintiff's claims regarding warnings and labeling are barred in whole or in part by the doctrine of primary jurisdiction, in that the United States Food and Drug Administration is charged under law with determining the content of warnings and labeling for prescription drugs.

Twentieth Defense

46. This court should abstain from adjudicating Plaintiff's claims relating to warnings and labeling in deference to the interpretation of regulations relating to prescription drug labeling by the United States Food and Drug Administration.

Twenty-first Defense

47. Upon information and belief, each item of economic loss alleged in the Complaint was, or with reasonable certainty will be, replaced or indemnified in whole or in part by collateral sources.

Twenty-second Defense

48. Plaintiff's claims for breach of warranty are barred because Plaintiff failed to give timely notice of any alleged breach of warranty.

Twenty-third Defense

49. Bayer did not sell or distribute the prescription drug Baycol® directly to Plaintiff, and Plaintiff did not receive or rely upon any representations or warranties as alleged in the Complaint. Plaintiff's claims are barred by lack of privity between Plaintiff and Bayer.

Twenty-fourth Defense

50. Plaintiff's Complaint fails to state a claim upon which relief can be granted for compensation for "medical monitoring."

E-SERVED 07/23/04 12:38 PM ET Baycol MDL 1431

Twenty-fifth Defense

51. Plaintiff's Complaint fails to state a claim upon which relief can be granted with regard to refund, restitution, costs, expenses and attorneys' fees.

Twenty-sixth Defense

52. Plaintiff's Complaint fails to state a claim upon which relief can be granted on a class-wide basis.

Twenty-seventh Defense

53. A class action is an inappropriate vehicle for the prosecution of Plaintiff's claims.

Twenty-eighth Defense

54. Plaintiff's class action claims fail because Plaintiff is an inadequate class representative.

Twenty-ninth Defense

55. Plaintiff's class action claims fail because the questions of law and fact presented in the Complaint are not common to the putative class.

Thirtieth Defense

56. Plaintiff's purported allegations of alleged deception, fraud, false pretenses, false promises or representations, and knowing concealment, suppression or omission of material facts do not comply with rule 9(b) of the Federal Rules of Civil Procedure.

Thirty-first Defense

57. Plaintiff's Complaint fails to state a claim upon which relief can be granted for deception, fraud, false pretenses, false promises or representations and/or knowing concealment, suppression or omission of material facts.

E-SERVED 07/23/04 12:38 PM ET Baycol MDL 1431

Thirty-second Defense

58. Plaintiff has failed to state a claim upon which relief can be granted for punitive or exemplary damages.

Thirty-third Defense

59. Plaintiff's claim for punitive or exemplary damages is barred under the applicable state and federal law. Permitting recovery of punitive or exemplary damages in this action would contravene Bayer's constitutional rights as reserved for Bayer by the Fifth, Seventh, Eighth and Fourteenth Amendments to the United States Constitution and other provisions of the United States Constitution and the applicable state constitution.

Thirty-fourth Defense

60. Because of the lack of clear standards, the imposition of punitive or exemplary damages against Bayer would be unconstitutionally vague and/or overbroad.

Thirty-fifth Defense

61. With respect to Plaintiff's demand for punitive or exemplary damages, Bayer specifically incorporates by reference any and all standards or limitations regarding the determination and enforceability of such damage awards under the applicable state law.

Thirty-sixth Defense

62. No act or omission of Bayer was malicious, willful, wanton or with actual malice, nor did Bayer act knowingly and/or with reckless conscious disregard for the rights and safety of Plaintiff and others, and Plaintiff's Complaint fails to state a claim upon which relief can be granted for punitive or exemplary damages. Plaintiff's Complaint seeks damages in excess of those permitted by law. Bayer asserts any statutory or judicial protection from punitive damages

E-SERVED
07/23/04
12:38 PM ET
Baycol MDL 1431

that is available under the applicable law, and any award of punitive or exemplary damages is barred.

Bayer reserves the right to amend its answer and separate and affirmative defenses to conform to such facts as may be revealed in discovery or otherwise.

**JURY DEMAND**

Bayer demands a trial by jury of all issues so triable in this action.

Patricia E. Lowry
Florida Bar No. 332569
John W. Little, III
Florida Bar No. 384798
Steel Hector & Davis LLP
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL 33401-4307
Telephone: 561-650-7200
Facsimile: 561-655-1509

Attorneys for Bayer Corporation

E-SERVED
07/23/04
12:38 PM ET
Baycol MDL 1431

Of Counsel:

Philip S. Beck
Adam L. Hoeflich
Tarek Ismail
Andrew Goldman
Bartlit Beck Herman Palenchar & Scott
54 West Hubbard Street, Suite 300
Chicago, IL 60610
Telephone: 312-494-4000
Facsimile: 312-494-4440

Sara J. Gourley
Susan A. Weber
Sidley Austin Brown & Wood
Bank One Plaza
10 South Dearborn Street
Chicago, IL 60603
Telephone: 312-853-7000
Facsimile: 312-853-7036

Richard K. Dandrea
Michael R. Borasky
Florida Bar No. 0142239
Eckert Seamans Cherin & Mellott, LLC
600 Grant Street, 44th Floor
Pittsburgh, PA 15219
Telephone: 412-566-6000
Facsimile: 412-566-6099

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. mail to:

John A. Yachunis
4830 W. Kennedy Boulevard
Suite 550
Tampa, FL 33609

on this 3rd day of October, 2001.

Patricia E. Lowry

378610v1